**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TEDDY GATAMBA,** ) | |
| **ID # 38644-177,** ) | |
|           **Movant,** ) | |
| vs. ) | No. 3:11-CV-1997-O-BH |
| ) | No. 3:09-CR-0102-O (2) |
| **UNITED STATES OF AMERICA,** ) | |
|           **Respondent.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Petition Pursuant to 28 USC 2255 to Vacate, Set Aside, or Correct Sentence of a Federal Prisoner,* filed August 10, 2011 (doc. 1), should be **DENIED** with prejudice.

**I. BACKGROUND**

Federal inmate Teddy McClain (movant) challenges his federal conviction and sentence in Cause No. 3:09-CR-0102-O (2). The respondent is the United States of America (Government).

**A.**     **Plea and Sentencing**

On July 22, 2009, movant was charged by a superseding indictment with: 1) conspiracy to defraud the government with respect to tax returns in violation of 18 U.S.C. § 286 (count one); 2) wire fraud in violation of 18 U.S.C. § 1343 (counts sixteen and seventeen); and 3) aggravated identity theft in violation of 18 U.S.C. § 1028A (count eighteen) (*See* doc. 18).[1] He pled not guilty and was tried before a jury on September 17-18, 2009.

According to the trial testimony, movant and his co-defendant filed fraudulent federal tax returns requesting refunds for numerous individuals through the illegitimate used of their names and

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

identification information in January of 2007. Tax preparer fees for the fraudulent returns were deposited in movant's bank account by HSBC, a bank that contracted to provide refund anticipation loans for the tax returns. (R. 5:98-112, 129-33). In 2009, movant again filed fraudulent tax returns through the fraudulent use of another's identity as the tax preparer as well as the illegitimate use of individual names and identification information for tax returns. (R. 5:35-38, 63-68, 228-37; R. 6:14-18, 65-69, 71-73). At the time of his arrest in May of 2009, there were numerous documents containing others' personal identification, including people who had had fraudulent returns filed under their names, on his person and in the car he was driving. (R. 5:191-98, 210-19). Movant was convicted on all counts in which he was charged. (doc. 49).[2]

After a sentencing hearing on January 7, 2010, the district court sentenced movant to 57 months' confinement on counts one, sixteen, and seventeen, and 24 months confinement on count eighteen, to be served consecutively, and a two-year term of supervised release. (doc. 70). He appealed his convictions and sentence, and the Fifth Circuit affirmed in an unpublished opinion on March 24, 2011. *United States v. Gatamba*, 419 Fed. App'x 529 (5th Cir. March 24, 2011). He did not file a petition for certiorari with the Supreme Court.

**B.**   **Substantive Claims**

Movant asserts the following claims:

(1)  his trial attorney rendered ineffective assistance of counsel by:

-failing to investigate law and facts;

-failing to properly move for suppression of evidence;

-failing to object to the erroneous reading of all counts in indictment;

-failing to object to inadmissible and improper evidence;

---

[2] Movant was not named in counts two through fifteen in the superseding indictment.

   -failing to object to sentencing issues; and

   -failing to introduce exculpatory evidence;

 (2) his appellate counsel rendered ineffective assistance of counsel by:

   -improperly arguing a Fourth Amendment issue;

   -incorrectly arguing the sentence enhancement claim; and

   -failing to argue that the evidence is legally insufficient and that movant is actually innocent;

 (3) the district court erred by:

   -reading the entire indictment to the jury, requiring movant to plead guilty to crimes he was never charged with; and

   -committing numerous trial errors, the cumulative effect of which warrants reversal of his convictions;

 (4) evidence of the other charges against movant was inadmissible because it was obtained in violation of movant's Fourth Amendment rights; and

 (4) movant is actually innocent of conspiracy.

(*See* Mot. at 22-84). The Government filed a response brief on October 7, 2011. (*See* Resp. Opp'n Mot. (Resp.)). Movant filed a reply brief on October 27, 2011.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant asserts that his trial counsel provided ineffective assistance in several respects.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*,

466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").[3]

---

[3] Movant argues that because his attorney failed to subject the government's case to meaningful adversarial testing, this case should be reviewed under the standard in *United States v. Cronic*, 466 U.S. 648, 658-662 (1984), which held that prejudice could be presumed where there was: (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; or (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance". Because the record reflects that counsel challenged the admissibility of certain evidence on Fourth Amendment grounds, cross-examined witnesses, made objections during trial and sentencing, and argued in movant's defense, the *Strickland* standard applies.

**A.      Failure to Investigate**

Movant asserts generally that his trial attorney was ineffective for failing to investigate the law and facts of his case. (Mot. at 30). "A movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008), *quoting United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (same holding in habeas action brought by state prisoner). The Fifth Circuit has held that complaints of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009).

The trial record reflects that counsel filed a motion to suppress evidence that was seized from movant at the time of his arrest, and he made numerous objections to evidence and cross-examined government witnesses extensively. (R. 5:54-57, 69-70, 88-91, 113-17, 125-27, 140-47, 158-59, 167-68, 179-80, 203-06, 223-25, 237-39, 252-56; R. 6:19-21, 25-27, 39-40, 62-64, 69-70, 76-79, 105-18). Movant's blanket assertion that his attorney's investigation was insufficient is unsupported. Even accepting his claim as true, he has not shown what additional investigation would have revealed or how it would have changed the outcome of his trial. He has also failed to name any witness who was available to testify on his behalf or show how this testimony would have been favorable to his defense. This claim should be denied.

**B.      Failure to Properly Move for Suppression of Evidence**

Movant contends that his trial attorney was ineffective in how he sought to suppress evidence seized by the police after movant's detention and arrest. He claims that counsel erred in conceding that the initial contact between movant and the police officer was consensual. (Mot. at 31-35).

On May 13, 2009, the arresting police officer initially approached movant outside of a motel and asked to speak to him. Movant agreed, and the police officer then asked him his name. Movant gave two false names, provided a date of birth that did not appear to match his appearance, and was unable to give the officer any addresses in either Texas or New York, where he claimed that he used to live. Movant lied about his relationship with a man and woman who had recently entered the motel. When they came back outside, the woman called movant by his given first name and stated that he was her husband. At that point, the police officer detained movant and asked permission to search his pockets; after this search, the officer arrested him. (R. 5:182-90). The encounter between movant and the officer was recorded on a microphone on the officer and on a camera mounted in the squad car. (R. 5:188).

Movant contends that his attorney failed to argue that the initial encounter with the police officer that night was not consensual. In particular, movant states that he "did not feel free to leave" and that the officer stopped him in a "very intimidating manner." (Reply at 5). After the suppression hearing, where the police officer testified and the video and audio recording were played, the district court made a findings that the initial encounter between movant and the police officer was consensual because the police officer asked to speak to movant and movant did not have to speak with the police officer. (R. 3:6). On direct appeal, the Fifth Circuit specifically held that while movant had no obligation to identify himself to the officer, he elected to do so, and the initial encounter between movant and the officer was consensual. *Gatamba*, 419 Fed. App'x at 531-32. Movant has not shown that, had his attorney argued to the contrary, he would have prevailed based on the evidence presented at the trial and appellate level. This claim is without merit.

**C.  Failure to Object**

Movant next asserts that his trial counsel was ineffective for failing to object to: 1) the

district court reading the entire indictment, including counts movant was not charged with; 2) the admission of "improper evidence;" and 3) the finding made at sentencing regarding intended loss. (Mot. at 36-39, 44-45).

The district judge read the entire indictment to the jury, including the counts movant was not charged with, and movant pled not guilty to all of the counts. (R. 5:16-17). Counsel did not object. Movant contends that this influenced the perception of the jury because there was a "spilling over" of evidence relating to his co-defendant, causing the jury to consider evidence that did not relate to him. (Mot. at 35-37). The jury charge set forth only the counts naming movant. (doc. 48 at 5-11). The jury was instructed that each count should be considered separately, that the case of each defendant should be considered separately, that separate consideration must be given to the evidence as to each defendant, and that the jury was not concerned with the guilt of any person not on trial. (*Id*. at 11-12). Given these instructions, movant has not established prejudice. He has not shown a reasonable probability that the jury considered the indictment as read during deliberations or considered irrelevant evidence in reaching its verdict.

Movant also contends that his attorney was ineffective for failing to object to the admission of "improper" evidence relating to his co-defendant. (Mot. at 17-18). He does not specify the evidence presented by the government that was improper, however. Movant was charged with conspiring with his co-defendant to defraud the government by obtaining, and aiding to obtain, the payment of false, fictitious, and fraudulent claims. (doc. 18 at 2-3). The superseding indictment alleged that in furtherance of the conspiracy, movant opened a bank account, tax preparation fees from the false returns were deposited into this account, and he withdrew these funds. (*Id*. at 4). Evidence regarding the conspiracy itself was relevant, admissible evidence. Counsel was not ineffective for failing to object to admissible evidence. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5

(5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Movant further contends that his attorney was ineffective for failing to specifically object to the sentence enhancement based on intended loss. Because of this failure, the appellate court reviewed only for plain error. *Gatamba*, 419 Fed. App'x at 534. The intended loss was based on the total tax refunds listed on the fraudulent tax returns filed in 2007 and 2009. (Pre-sentence Report "PSR" at 6-8). Movant has not alleged that these figures were incorrect such that he would have prevailed on direct appeal under an abuse-of-discretion standard of review.

### D.  **Failure to Introduce Exculpatory Evidence**

Finally, movant asserts that his attorney was ineffective for failing to present exculpatory evidence in the form of movant's testimony that money transferred to him by his co-defendant was actually in repayment of a loan. (Mot. at 39). Movant concedes that his attorney recommended that he not testify, and that he followed this recommendation.

To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F3d at 538; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). At movant's trial, the district judge questioned movant extensively about his decision not to testify. Movant stated that he understood that he had a right to testify and provide a defense to the jury, that his attorney could not force him not to testify, that he had spoken with his attorney about his views as to whether movant should testify, that he had been given sufficient time to have this conversation, and that he had decided not to testify. Movant also stated that he had not been coerced in his decision and that he was making his decision of his own free will. (R. 6:85-88). Because movant made the decision not to testify at his own trial, he was

therefore not available to testify.

To the extent that movant is asserting that his attorney's advice to not testify constituted ineffective assistance, he has not shown deficiency or prejudice. Had he testified, he would have been subject to extensive cross-examination. Given the amount of evidence against him, he cannot show a reasonable probability that he would not have been convicted had he testified that he was not guilty of a conspiracy. *See Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (holding that a defendant's self-serving conclusory statement that his testimony would have resulted in a acquittal falls short of satisfying the prejudice prong of *Strickland*).

Movant has failed to establish that his trial attorney provided ineffective assistance of counsel under the *Strickland* standard, and these claims should be denied.

### IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts his appellate counsel was ineffective for improperly arguing a Fourth Amendment issue on appeal, for incorrectly arguing a sentence enhancement claim, and for failing to argue either that movant is actually innocent of conspiracy or that the evidence is insufficient to support his conviction for conspiracy. (Mot. at 45-51).

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

"Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Movant first contends that his appellate counsel was ineffective for conceding that his initial encounter with the police officer who arrested him was consensual. As noted, the Fifth Circuit specifically found that the initial encounter was consensual. Counsel was not ineffective for failing to argue otherwise. *See United States v. Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal).

Movant next contends that his appellate counsel was ineffective in arguing about a sentence enhancement "for 'relevant conduct' which is not the same as one for 'conspiracy'." (Mot. at 47). He concedes that counsel's argument "may be correct as a matter of law", but argues that it was not the strongest argument that could have been made. *Id.* According to the PSR, which was adopted by the district judge, movant's sentence was enhanced sixteen levels because of the intended loss to the IRS and HSBC bank in both the 2007 and 2009 schemes. (PSR at 9, 12-13). Appellate counsel challenged this 16-level loss enhancement. *United States v. Gatamba*, 419 Fed. Appx. at 530, 534.

Movant contends that his appellate attorney was ineffective for failing to argue instead that he is actually innocent of conspiracy or that the evidence is legally insufficient to support that

11

conviction. (Mot. at 50, 53). The evidence movant cites in support of his assertion that either he is actually innocent of the conspiracy charge is the alleged testimony he would have given at trial had he testified. As this evidence was not in the record, appellate counsel was not ineffective for failing to raise claims based on it. *See United States v. Phillips*, 210 F.3d at 348 . Movant's claims of ineffective assistance of appellate counsel are without merit and should be denied.

## V.  TRIAL ERRORS

Movant claims that the district court erred in reading the entire indictment to the jury, requiring movant to plead not guilty to crimes he was never charged with, and by committing numerous unspecified trial errors. Movant did not raise these claims on direct appeal. Where a § 2255 movant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998), *citing Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986).

Movant contends that he is actually innocent. (Mot. at 26-27). He claims that he would have testified that the money deposited in his bank account was repayment for a personal loan to his co-defendant, and therefore he is actually innocent of conspiracy. In order to overcome a procedural bar on this basis, he must demonstrate that in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). Movant's conclusory statements regarding his proposed testimony, given the other evidence presented at trial, do not meet this burden. Movant also appears to suggest that he can establish cause and prejudice to overcome this procedural bar because his attorneys were ineffective. While an attorney's failure to raise an issue can constitute cause, attorney error that does not rise to ineffective assistance of counsel cannot. *Murray*, 477 U.S. at 492. As discussed, movant's attorneys

12

were not ineffective.

Even if movant could overcome the procedural bar, these claims are without merit. In order to be entitled to relief based on trial error, movant must show that such error was not harmless because any error had a substantial and injurious effect or influence on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). As already found, the reading of the entire indictment by the district judge had no prejudicial or injurious effect on the verdict given the instructions given to the jury. Furthermore, movant does not set forth any other specific alleged trial errors. Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d at 288. These grounds are without merit.

## VI. FOURTH AMENDMENT

Movant further asserts that his Fourth Amendment rights were violated when evidence was seized from him after he was questioned, detained, and then arrested in May of 2009. (Mot. at 22, 24, 73-82).

Collateral review of Fourth Amendment claims raised in a § 2255 is barred when the movant has had a full and fair opportunity to litigate his Fourth Amendment claim at trial and on direct appeal. *Stone v. Powell*, 428 U.S. 465 (1976); *United Sattes v. Ishmael*, 343 F.3d 741, 742-43 (5th Cir. 2003). While movant disagrees with how his attorneys litigated his Fourth Amendment claim, the record reflects that it was litigated at trial through a motion to suppress and on direct appeal. Therefore, this claim is not available to movant.

## VII. ACTUAL INNOCENCE

Finally, movant asserts that he is either actually innocent of conspiracy, or the evidence is insufficient to support his conviction for conspiracy. (Mot. at 60-). To prove actual innocence, movant must demonstrate that, in light of all the evidence, it is more likely than not that no

13

reasonable juror would have convicted him. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). As noted, movant has not made this showing. His claim of actual innocence is based solely on his self-serving statement that the money placed in his bank account was a repayment of a loan and that he had no knowledge that his co-defendant had filed fraudulent tax returns. Considered along with the evidence at trial, the Court cannot find it is more likely than not that no reasonable juror would have convicted him of conspiracy. This claim is without merit and should be denied.

## VIII. RECOMMENDATION

The *Petition Pursuant to 28 USC 2255 to Vacate, Set Aside, or Correct Sentence of a Federal Prisoner* should be **DENIED** with prejudice.

**SIGNED this 6th day of February, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE